UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04878-MWF (GJSx) | Date | March 9, 2022 |
|---|---|---|---|
| Title | Danny Varner v. Felicia Ponce, et al. | | |

| Present: | Hon. Michael W. Fitzgerald, United States District Judge |
|---|---|

| Rita Sanchez | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) ORDER DISMISSING CASE

Petitioner initiated this action on June 14, 2021, by filing an "emergency" petition. [Dkt. 1, "Petition."] Petitioner was incarcerated at FCI-Terminal Island at the time and complained about the situation regarding his medical needs and diet, specifically, that he was not receiving a low carb/low gluten and ketogenic diet, probiotics, and Metamucil. Petitioner requested injunctive relief in this respect before he would be transferred and the petition "become 'moot.'" [Petition at 15.]

Petitioner is a prisoner and seeks relief against government officials. Thus, the Court was required to screen the Petition pursuant to 28 U.S.C. § 1915A(b), and so advised Petitioner. [Dkt. 9.] Starting on July 7, 2021, Petitioner commenced submitting a series of piecemeal documents, which he labeled as an "advisory" or "supplement." Both the Court and United States Magistrate Judge Gail J. Standish cautioned Petitioner that if he wished to make additional factual allegations outside the Petition, he needed to file an Amended Petition, and that all claims, all defendants, and all relief sought needed to be set forth in that Amended Petition. [*See* Dkts. 10, 12, 13.]

On September 24, 2021, Petitioner filed a letter advising that he would be transferred to another institution outside of California soon and asked for an extension of time to file an Amended Petition. [Dkt. 16.] On October 7, 2021, the Court issued an Order to Show Cause directing Plaintiff to either explain why this action should not be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04878-MWF (GJSx) | Date | March 9, 2022 |
|---|---|---|---|
| Title | Danny Varner v. Felicia Ponce, et al. | | |

dismissed, or file an Amended Petition, by no later than December 6, 2021. [Dkt. 19, "OSC."] The OSC expressly advised Petitioner that dismissal of the action would occur if he did not file a timely Amended Petition.

On November 19, 2021, Petitioner filed a second request for extension of time. [Dkt. 22.] On November 23, 2021, the Court granted the request and extended Petitioner's time to respond to the OSC, or file his Amended Petition, to February 4, 2022. The Court cautioned Petitioner that his '[f]ailure to timely, properly file an Amended Petition will result in the dismissal of this this action" and that "**[n]o further extensions will be granted absent a showing of extraordinary circumstances**." [Dkt. 23.]

On January 24, 2022, Petitioner filed a "Motion for Appropriate Relief." [Dkt. 24, "Motion."] In the Motion, he admitted that the basis for this lawsuit has been mooted given that, in initiating this case, he wished to receive only injunctive-type relief directed at the conditions of his confinement at FCI-Terminal Island, an institution at which he has not been incarcerated since early September 2021. Petitioner set forth various complaints about the conditions of confinement at his then current institution (FCI-El Reno), indicated he wished to seek relief as to them, asked the Court to order certain relief as to his current situation, and stated that he was unsure how to proceed with respect to this case. On February 3, 2002, the Court issued another Order to Show Cause. [Dkt. 25, "Second OSC."] The Second OSC advised Petitioner that this District is not the appropriate venue for issuing relief as to the current conditions of his confinement. The Court ordered Petitioner to show cause why this action should not be dismissed for lack of jurisdiction and/or mootness. The Second OSC directed Petitioner to file a Response by no later than March 4, 2022, which was to both "explain why this action properly may continue in this venue through the filing of an amended petition/complaint" and append a proposed amended petition or complaint that states a cognizable basis for both venue and relief in *this* District. The Court again warned Petitioner that failure to file a timely Response and proposed amended petition/complaint "will result in the dismiss of this action" and that "**[n]o further extensions of time will be granted absent a showing of extraordinary circumstances**."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-04878-MWF (GJSx) | Date | March 9, 2022 |
|---|---|---|---|
| Title | Danny Varner v. Felicia Ponce, et al. | | |

    Petitioner did not file a Response to the Second OSC and the required amended petition by the March 4 deadline. Instead, he has submitted yet another request for extension of time. [Dkt. 26.] The request proffers the same excuses previously provided, none of which constitute extraordinary circumstances, and it fails entirely to indicate that there is any reason for this stalled action to continue in this District. This action has been pending for nine months and as Petitioner has admitted, the reason for its initiation has been mooted by his transfer to another institution six months ago. If, in fact, Petitioner had any other valid basis for seeking relief that appropriately could be sought in this District, he has had more than enough time to file an amended petition, yet has failed to do so, despite the Court's repeated warnings that dismissal will follow if this did not happen. This action has become moot, thereby requiring its dismissal. *See, e.g., Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (case becomes moot if post-filing events make it impossible for the court to grant any meaningful relief); *American Rivers v. Nat'l Marine Fisheries Service*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). In addition, given the lack of a viable pleading seeking any relief that actually could be ordered by this Court, this case is stalled – and has been for over half a year – due to Petitioner's ongoing failure to prosecute this action by filing an amended petition despite the Court's repeated warnings that dismissal was imminent. Therefore, dismissal also is warranted pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226-27 (9th Cir. 2006) (setting forth Rule 41(b) dismissal factors); *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

    Accordingly, IT IS ORDERED that this action is DISMISSED WITHOUT PREJUDICE. This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court ORDERS the Clerk to treat this Order, and its entry on the docket, as an entry of judgment

    **IT IS SO ORDERED.**

Initials of preparer ____